**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERMAIN REED,

    Petitioner,　　　　　　　　　　No. C 05-4001 PJH (PR)

  vs.　　　　　　　　　　　　　　　　**ORDER OF DISMISSAL**

S. W. ORNSKI, Warden,

    Respondent.
_____/

    This is a habeas case filed pro se by a state prisoner. The original petition was dismissed with leave to amend because it was not possible to discern what issue or issues petitioner wished to raise. Petitioner then filed an amendment which was no better. He was given a final chance to amend, and has done so.

    It is apparent from the amendment that petitioner contends his sentence was enhanced improperly because of facts about a prior conviction which were not found by a jury, a procedure which he contends violates *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), and *Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005) (under the Armed Career Criminal Act (ACCA), courts examining prior conviction on plea of guilty for purposes of determining whether it was predicate offense limited to "the charging document, the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."). It appears his contention is that the sentencing court had to look at more than the evidence

permitted under *Shepard* in determining that his prior offense was a "violent" one. Even assuming for the sake of this decision that *Shepard* announced a constitutional rule that would apply in state courts, petitioner cannot obtain relief on this claim.

*Apprendi* announced a new constitutional rule of criminal procedure that does not apply retroactively on initial collateral review. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 665 (9th Cir. 2002). Petitioner's claim is that, applying *Shepard*, his sentence enhancement did not properly come within the *Apprendi* exception for prior convictions, so application of the enhancement to him violated his constitutional rights as defined in *Apprendi*. But because *Apprendi* does not apply in collateral actions such as this one, he cannot obtain federal habeas relief on this, his only ground.

A habeas petition may be dismissed summarily "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The petition is **DISMISSED** pursuant to Rule 4. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 15, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\REED001.DSM